IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO.** |
| **AIR LIQUIDE USA LLC and AIR LIQUIDE INDUSTRIAL, U.S., L.P.,** | § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights of 1991, as amended, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Jacqueline Ferrel, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11 through 19 below, Defendants Air Liquide USA LLC and Air Liquide Industrial, U.S., L.P. (collectively "Air Liquide") discriminated against Ferrel, in violation of Title VII, by retaliating against her for making allegations of discrimination, including sexual harassment, against her boss. The unlawful retaliation included firing Ferrel for pretextual reasons.

**JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Air Liquide USA LLC, has been a Delaware limited liability company, has continuously been doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees. Air Liquide USA LLC may be served with process by serving its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

5. At all relevant times, Air Liquide USA LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Air Liquide Industrial U.S., LP, has been a Delaware limited partnership, and has continuously been doing business in the State of Texas and the City of Houston. Air Liquide Industrial U.S., LP may be served with process by serving its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

7. At all relevant times, Air Liquide Industrial U.S., LP has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Ferrel filed a Charge of Discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Defendants constitute a joint employer and/or an integrated enterprise.

10. Since at least July 2006, Defendants engaged in unlawful employment practices at their West Little York Road facility in Houston, Texas, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

11. Around November 1, 2005, Jacqueline "Jackie" Ferrel began working for Air Liquide as a Logistics Analyst. She reported to Dan Cahill.

12. In July 2006, Ferrel spoke with Clark Oswald about the inappropriate sexual comments and conduct of her boss, Dan Cahill. Oswald was a friend of Cahill's who was above Cahill in the Air Liquide hierarchy. Oswald encouraged Ferrel not to make a complaint to Human Resources, and stated to Ferrel that he would speak personally with Cahill about her concerns.

13. After Oswald spoke to Cahill about Ferrel's concerns about being sexually harassed, Cahill began scrutinizing Ferrel's work closely, insisted on giving her weekly evaluations and "weekly progress reports," and meddled with her daily work tasks in ways designed to make it more difficult for her to successfully perform her duties.

14. Ferrel earned performance incentive bonuses for both the first and second quarters of 2006. She had been performing her job satisfactorily.

15. Around August 10, 2006, Ferrel complained to Air Liquide Human Resources about Cahill's continued unwanted and inappropriate behavior. When questioned by Human Resources, Cahill "admitted to various comments and behaviors" of which Ferrel had complained. Air Liquide required Cahill to apologize to Ferrel.

16. Later in August 2006, Cahill stated that he was going to make sure Ms. Ferrel was fired. At least one of Ferrel's colleagues overheard Cahill's promise of retaliatory termination.

17. Subsequently, Cahill contacted clients serviced by Ferrel to try to elicit negative feedback about her. At least one of Ms. Ferrel's many satisfied customers informed her of her boss's retaliatory actions. Ferrel then contacted Air Liquide Human Resources again to advise about Cahill's conduct. The next day, Ferrel was transferred to a different department.

18. Co-workers warned Ferrel that she was being "set up." A long-time employee told Ferrel that her new supervisor, on several occasions, had voiced the opinion that females should not hold the Analyst position at Air Liquide. Weeks after transferring Ferrel, Air Liquide fired her.

19. Air Liquide's stated reasons for firing Ferrel are pretexts for unlawful discrimination. Defendants fired Ferrel in retaliation for her good-faith complaints of discrimination.

20. The effect of the unlawful practices complained of in paragraphs 11 – 19, above, has been to deprive Ferrel of equal employment opportunities and otherwise adversely affect her status as an employee because of discriminatory retaliation.

21. The unlawful employment practices complained of in paragraphs 12 -19, above, were intentional.

22. The unlawful employment practices complained of in paragraphs 13 – 19, above, were done with malice or with reckless indifference to the federally protected rights of Ferrel.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in any retaliation in violation of Title VII against employees who make good-faith claims of discrimination.

B.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who complain about workplace discrimination, and which eradicate the effects of their past and present unlawful employment practices.

C.  Order Defendants to make whole Ferrel by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement, or alternatively front pay.

D.  Order Defendants to make whole Ferrel by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19, above, in amounts to be determined at trial.

E.  Order Defendants to make whole Ferrel by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19, above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Ferrel punitive damages for Defendants' malicious and reckless conduct described in paragraphs 13 through 19, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        **RONALD S. COOPER**
        General Counsel

        **JAMES L. LEE**
        Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel

        /s/ Timothy M. Bowne
        Timothy M. Bowne
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00793371
        S.D. Tex. No. 20023
        Equal Employment Opportunity
            Commission
        1919 Smith Street, 6th Floor
        Houston, Texas 77002
        (713) 209-3395
        (713) 209-3402 [facsimile]
        timothy.bowne@eeoc.gov

        **COUNSEL FOR PLAINTIFF**
        **U.S. EQUAL EMPLOYMENT OPPORTUNITY**
        **COMMISSION**

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002